1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ROBERT MARVIN HARRIS, | Case No. 1:16-cv-01815-SAB-HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO TRANSFER PETITION |
| v. | |
| ANDRE MATEVOUSIAN, | (ECF No. 5) |
| Respondent. | |

12

13

14

15

16

17     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2241. Petitioner has consented to the jurisdiction of the United States

19  Magistrate Judge. (ECF No. 4).

20                                                    **I.**

21                                          **BACKGROUND**

22     Petitioner is currently incarcerated at the United States Penitentiary in Atwater,

23  California. The petition states that Petitioner is currently serving sentences imposed on April 23,

24  1999 and June 30, 2000 by the United States District Court for the Southern District of Florida.

25  (ECF No. 1 at 1).[1] On December 2, 2016, Petitioner filed a petition for writ of habeas corpus,

26  challenging the forfeiture and his ineligibility for good time credit. (Id. at 2). On December 15,

27  2016, Petitioner moved the Court for an order transferring the petition to the Southern District of

28  _____
    [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  Florida and for appointment of counsel. (ECF No. 5). On January 9, 2017, Petitioner filed a

2  memorandum of law in support of his petition. (ECF No. 6).

3                                              **II.**

4                                         **DISCUSSION**

5        A federal prisoner may challenge the execution of his sentence by filing a petition for

6  writ of habeas corpus under 28 U.S.C. § 2241. <u>Zavala v. Ives</u>, 785 F.3d 367, 370 n.3 (9th Cir.

7  2015). A federal prisoner who wishes to challenge the validity or constitutionality of his federal

8  conviction or sentence must do so by moving the court that imposed the sentence to vacate, set

9  aside, or correct the sentence under 28 U.S.C. § 2255. <u>Alaimalo v. United States</u>, 645 F.3d 1042,

10 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive

11 means by which a federal prisoner may test the legality of his detention, and that restrictions on

12 the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §

13 2241." <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

14       In the petition, Petitioner challenges the forfeiture and his ineligibility for good time

15 credit, arguing that the Federal Bureau of Prison's credit determination was based on a void

16 judgments and sentences in case numbers 98-6128-CR-ZLOCH and 99-6064-CR-WPD (ECF

17 No. 1 at 11; ECF No. 6 at 2, 7). Although Petitioner purports to contest how his sentence is being

18 carried out, calculated, or credited, the petition challenges the validity of Petitioner's underlying

19 criminal judgments and sentences. Therefore, the appropriate procedure would be to file a § 2255

20 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court.

21 Accordingly, Petitioner's motion to transfer the petition shall be granted.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**III.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion for transfer (ECF No. 5) is GRANTED and this action is TRANSFERRED to the United States District Court for the Southern District of Florida. This Court has not ruled on Petitioner's request for appointment of counsel (ECF No. 5).

IT IS SO ORDERED.

Dated:  **January 11, 2017**

UNITED STATES MAGISTRATE JUDGE

3