# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARVIN HARRIS,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>Respondent. | Case No. 1:16-cv-01815-AWI-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE<br><br>(ECF No. 8) |

Petitioner is a federal prisoner who proceeded pro se with a petition for writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241. In the petition, Petitioner challenged the forfeiture and his ineligibility for good time credit, arguing that the Federal Bureau of Prison's credit determination was based on a void judgments and sentences from the United States District Court for the Southern District of Florida. (ECF No. 1).

On January 11, 2017, this Court found that the petition challenged the validity of Petitioner's underlying criminal judgments and sentences, and thus, the appropriate procedure would be to file a § 2255 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court. Therefore, the Court granted Petitioner's motion to transfer the petition to the United States District Court for the Southern District of Florida. (ECF No. 7). Nearly one year later, on January 5, 2018, Petitioner filed the instant motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 8). Petitioner argues that the case

should be reopened based on clear error, newly discovered evidence, and intervening change in the law. (ECF No. 8 at 2).[1]

To the extent that this Court has jurisdiction to consider the instant motion,[2] the Court finds that Petitioner is not entitled to relief under Rule 60(b), which applies to final judgments or orders. Here, Petitioner appears to request relief from an interlocutory order transferring his petition. Moreover, Petitioner does not provide facts or arguments regarding what clear error, newly discovered evidence, or intervening change in the law warrants relief under Rule 60(b).

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion to reopen the case (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated: March 5, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] An action can be transferred to another district for the convenience of parties and witnesses, in the interest of justice pursuant to 28 U.S.C. § 1404(a). The Ninth Circuit has held that a § 1404 transfer ends the jurisdiction of the transferor court at the time the case is docketed in the transferee court. Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir. 1987). It is unclear whether this rule also applies to habeas transfers. But see Gustafson v. Williams, No. 2:09-CV-01225-KJD, 2010 WL 4316750, at *2 n.1 (D. Nev. Oct. 25, 2010) (applying rule to § 2254 habeas transfer).